UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
SIU MAN WU,                        )   No. C11-0860RSL
                                   )
                  Plaintiff,       )
       v.                          )   ORDER GRANTING IN PART
                                   )   DEFENDANTS' MOTION TO
MARK GASTON PEARCE,[1] *et al.*,   )   DISMISS
                                   )
                  Defendants.      )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss."  Dkt. # 6.  Having reviewed the memoranda and exhibits submitted by the parties,[2] the Court finds as follows:

**A. Lack of Jurisdiction**

Defendants' first argument is that the Court lacks jurisdiction over this case and that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Jurisdiction is a threshold matter that should be considered before addressing the merits of plaintiff's claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-96 (1998).  When evaluating its

---

[1] Mark Gaston Pearce has been substituted for his predecessor, Wilma B. Liebman, as Chairman of the National Labor Relations Board ("NLRB"), pursuant to Fed. R. Civ. P. 25(d).

[2] Because plaintiff sought and obtained extensions of time in which to respond to defendants' motion, each side filed multiple responsive memoranda.  The Court has considered Dkt. # 6, 7, 31, and 32 in ruling on this motion.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS

jurisdiction, the Court may consider facts outside of the four-corners of the complaint to assure itself that it does, in fact, have the power to hear this matter. Americopters, LCC v. Fed. Aviation Admin., 441 F.3d 726, 732 n.4 (9th Cir. 2006). The Court has, therefore, considered plaintiff's May 29, 2009, charge against United Food and Commercial Workers, Local 367 ("UFCW Local 367") and the National Labor Relation Board's ("NLRB") final decision thereon. Decl. of Nancy E. Kessler Platt (Dkt. # 7), Exs. 2 and 5.

**1. Availability of Judicial Review**

To the extent plaintiff (a) seeks review of the NLRB's decision not to issue a complaint against UFCW Local 367 in response to plaintiff's May 29, 2009, charge or (b) seeks to compel the NLRB to reopen its investigation and/or to reconsider that decision, the Court lacks subject matter jurisdiction over his claims. The General Counsel's decision whether to issue a complaint or not is final and not subject to judicial review. Detroit Edison Co. v. Nat'l Labor Relations Bd., 440 U.S. 301, 316 (1979) (noting that the General Counsel "could also in his unreviewable discretion refuse to issue such a complaint"). Thus, plaintiff's demand that the NLRB reinstate the May 29, 2009, charge (Dkt. # 3 at ¶ 5.2) and/or any claim for damages arising out of the rejection of the May 29, 2009, charge fail for lack of jurisdiction.

**2. Sovereign Immunity**

The United States and its agencies are immune from suit absent "an express waiver of this immunity by Congress." Tobar v. U.S., 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 280 (1983)). The NLRB, as a federal agency, is entitled to sovereign immunity. Nat'l Labor Relations Bd. v. Nash-Finch Co., 404 U.S. 138, 147 n.4 (1971). Plaintiff has not identified any provision of the National Labor Relations Act ("NLRA"), the Civil Rights Act of 1964, or governing case law that indicates that Congress has waived the NLRB's immunity from suit in the circumstances presented here. Because plaintiff's claims against defendants Pearce and Ahearn in their official capacity are

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                -2-

1  simply another way of pleading an action against the NLRB (Brandon v. Holt, 469 U.S. 464, 472
2  n.21 (1985)), those official capacity claims are barred by the doctrine of sovereign immunity.

**B. Individual Capacity Claims Against Richard Ahearn**

Plaintiff alleges that defendant Ahearn and/or the unidentified Does working with him in Region 19 intentionally mis-filed four complaints submitted by plaintiff and his co-worker, Wing Kai Tse, in March 2009, thereby preventing their consideration by the NLRB. The NLRB acknowledged that the four complaints were placed in the wrong file and were not processed as separate charges: rather, they were considered only in the context of the union's challenge to the same underlying conduct. Unless the Board agrees to process the March 2009 complaints, plaintiff's claims cannot be reasserted because they are time-barred.[3] Plaintiff alleges that defendant Ahearn hid the four complaints and refused to act upon them based on the race and national origin of the complainants.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Where consideration of additional documents is appropriate, the allegations of the complaint and the contents of the documents are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). No claim should be dismissed unless the complaint,

---

[3] The parties have not provided copies of the complaints submitted to the NLRB in March 2009, so the nature of the claims asserted therein is unknown. In the amended complaint, plaintiff describes these submissions as "an unfair labor practices complaint to Region 19 of the NLRB against my former employer and my labor union Local 367." Dkt. # 3 at ¶ 3.4.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                -3-

taken as a whole, fails to give rise to a plausible inference of actionable conduct.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007).

The parties have presented numerous documents for the Court's consideration, but make no effort to show that these materials can be properly considered in the context of a motion to dismiss under Rule 12(b)(6).  The Court is reluctant to expand the scope of the record where, as here, a stay of discovery was granted at defendants' request.  The Court has, however, considered the documents referenced in plaintiff's complaint, including the July 2009 admission that the NLRB had received but misfiled plaintiff's complaint in March 2009.

**1. Racial Discrimination Claims Under the Civil Rights Act of 1964**

**a. 42 U.S.C. § 1981 and § 1983**

Recovery under § 1981 and § 1983 of the Civil Rights Act requires plaintiff to show that defendant deprived him of a constitutional right "under color of state law" or "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" respectively.  This element of a civil rights claim requires that plaintiff show that defendant acted under the authority of state law.  While it is possible for a federal employee to act under color of state law if he conspires or acts in concert with state officials to work a deprivation of a constitutional right (<u>Billings v. U.S.</u>, 57 F.3d 797, 801 (9th Cir. 1995)), plaintiff has not alleged any facts that could support such a finding.  Because plaintiff has not alleged state action, his § 1981 and § 1983 claims fail as a matter of law.

**b. 42 U.S.C. § 1985**

In order to state a claim under 42 U.S.C. § 1985, plaintiff must allege that (1) defendant engaged in a conspiracy (2) for the purpose of depriving plaintiff of the equal protection of the laws, that (3) one or more of the conspirators took action in furtherance of the conspiracy, and that (4) plaintiff was injured or deprived of a right or privilege of citizenship. <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971).  Defendants argue that plaintiff's § 1985

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                              -4-

claim should be dismissed because he failed to allege facts plausibly suggesting that defendant Ahearn entered into a conspiracy or was motivated by class-based discriminatory animus. Dkt. # 6 at 13-14.

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the pleading standard set forth in Rule 8 remains unchanged, the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1951 (2009), require plaintiff to present more facts at the pleading stage in order to survive a motion to dismiss. In Twombly, the Supreme Court considered an allegation that defendants had conspired to restrain trade in violation of § 1 of the Sherman Act. The Court determined that "a formulaic recitation of the elements of a cause of action" is conclusory and therefore not entitled to the presumption of truth that normally attaches to the allegations of a complaint in the 12(b)(6) context. Twombly, 550 U.S. at 555. See also Iqbal, 129 S. Ct. at 1951 (disregarding broad allegations of discriminatory intent in a Bivens action). The Court rejected the "no set of facts" language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), on the ground that plaintiffs should not be allowed to assert claims in federal court based on nothing more than the prospect of unearthing supporting evidence during discovery. Twombly, 550 U.S. at 561-62. Construing Rule 8(a) anew, the Supreme Court imposed on plaintiffs the burden of pleading enough facts to raise a right to relief above the speculative level, such that the asserted claim is "plausible." Twombly, 550 U.S. at 555, 570.

In order to determine whether the allegations of a complaint "show[] that the pleader is entitled to relief" under Rule 8(a), the court now applies a two step process. First, the court must identify and disregard any allegations that are legal conclusions, as opposed to factual allegations. Unfortunately, the line between legal conclusion and factual allegation is not readily apparent. Although allegations of conspiracy or animus have both factual and legal components,

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                                    -5-

the specific holdings of Twombly and Iqbal suggest that such allegations should be disregarded if not supported by additional, more concrete, factual allegations.

In the second step of the analysis, the court must determine whether the factual allegations that remain give rise to a reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949. Although detailed factual allegations are not required, the allegations must be "suggestive enough to render [the claim] plausible." Twombly, 550 U.S. at 555-56. In order to determine whether a claim rises above the speculative and attains plausibility, courts must consider not only the pleadings and documents that are an integral part of the complaint, but also any "obvious alternative explanation" for defendant's conduct (Twombly, 550 U.S. at 567) based on the court's "judicial experience and common sense" (Iqbal, 129 S. Ct. at 1950). How many supporting facts are necessary to make a claim plausible in light of the other competing explanations must be decided on a case-by-case basis. Iqbal, 129 S. Ct. at 1950.

Plaintiff's allegations regarding a conspiracy are insufficient. The bare assertion that "Defendant Ahearn and his counterparts within and/or without the office of Region 19 of NLRB conspired and selectively imposed and applied civil rights deprivation and racial discrimination actions on Plaintiff and his Chinese race co-worker Wing Tse" (Dkt. # 3 at ¶ 4.1) is a legal conclusion that should be disregarded. Because there are no factual allegations from which one could infer that defendant Ahearn and any other individual entered into an agreement to mishandle the March 2009 complaints, plaintiff has failed to allege the first element of his § 1985 claim.

Plaintiff's bare allegation of invidious class-based animus (Dkt. # 3 at ¶ 4.3) is also a legal conclusion that must be disregarded. The only factual allegation provided that could possibly support a finding of race-based animus is that the complaint of another Chinese employee, Wing Kai Tse, was also mishandled. The two complaints had a number of

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                   -6-

similarities other than the national origin of the complainants: they were submitted at the same time, raised similar issues, and were related to a pending complaint initiated by the complainants' union. In these circumstances, the mere fact that the two complainants were of Chinese national origin does not give rise to a reasonable inference that the misfiling of the complaints was the result of discrimination. Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949. Such an inference would be entirely speculative. A far more likely explanation is that the person filing the submissions simply did not recognize them as new complaints and thought they were related to the already-pending union charge that had been filed on plaintiff's behalf. Plaintiff's allegations are not "suggestive enough to render [his claim of race-based animus] plausible." Twombly, 550 U.S. at 555-56.

### 3. Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq*.

Defendants have not moved to dismiss the WLAD claim asserted against defendant Ahearn in his individual capacity.

### 4. Bivens Claim

As discussed above, victims of constitutional violations perpetrated by federal officers acting under color of federal authority have no cause of action under § 1981 or § 1983 of the Civil Rights Act of 1964. Recognizing that the violation of constitutional rights should have a remedy regardless of whether the violation was the work of state or federal officials, the Supreme Court inferred a private right of action for money damages against federal officials in federal court. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). The Court was not dissuaded by the fact that Congress had not affirmatively acted to provide a statutory remedy for these constitutional wrongs. The Court did, however, suggest that lower courts needed to evaluate the circumstances out of which a claim arose to determine whether a Bivens action would be appropriate. In particular, courts should consider whether there were "special factors counseling hesitation in the absence of affirmative action by Congress," an "explicit

statutory prohibition against the relief sought," and/or an "exclusive statutory remedy" for the type of conduct alleged.  Bivens, 403 U.S. at 396-97; Davis v. Passman, 442 U.S. 228, 246-47 (1979); Carlson v. Green, 446 U.S. 14, 18-20 (1980).

Defendants argue that, because Congress has assigned to the NLRB the task of considering unfair labor practice charges and has provided a comprehensive, albeit limited, review scheme, a Bivens action should not be implied here.  Plaintiff is not, however, challenging a decision that was subject to administrative review.[4]  Rather, plaintiff alleges that defendant Ahearn thwarted the process established by Congress, such that the NLRB was unable to consider the merits of plaintiff's unfair labor practices charge against his employer and plaintiff was left with no avenue through which to seek review of the non-action.  In such circumstances, the existence of an unavailable administrative review process is not a "special factor counseling hesitation."

Defendant's absolute immunity argument is also unpersuasive because it is based on the incorrect assertion that plaintiff is challenging the General Counsel's decision not to pursue the May 29, 2009, charge.

As discussed above, however, plaintiff has not adequately pled a constitutional violation.  The allegation that defendant Ahearn refused to process plaintiff's complaints because of his race or national origin is not supported by sufficient facts to raise a plausible inference of unlawful discrimination.  In the absence of an underlying constitutional violation, plaintiff has failed to state a cause of action under Bivens.

**4. National Labor Relations Act Claim**

Defendants argue that the Court lacks jurisdiction over any NLRA claim because "the manner in which [p]laintiff's charges were handled" is not subject to judicial review.  Dkt.

---

[4] To the extent plaintiff challenged the General Counsel's final decision regarding the May 29, 2009, charge, that claim has been dismissed for lack of subject matter jurisdiction.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS               -8-

# 6 at 19. The case law discussed above stands for a narrower proposition, however. Although the NLRB's decision not to pursue a complaint is final and not subject to judicial review, plaintiff is not challenging a decision of the NLRB. Rather, plaintiff alleges that defendant failed to process his March 2009 in violation of the NLRA. Whether plaintiff can identify a violation of the NLRA or has standing to enforce the statute is unclear, but defendants have not addressed these issues.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 6) is GRANTED in part and DENIED in part. Plaintiff's claims arising out of the NLRB's decision not to issue a complaint based on the May 29, 2009, charge and all claims against defendants in their official capacity are DISMISSED for lack of subject matter jurisdiction. Plaintiff's civil rights claims under § 1981, § 1983, and § 1985 and his Bivens claim are DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff may proceed on his WLAD and NLRA causes of action.

The discovery stay is hereby lifted. The Clerk of Court is directed to reissue the "Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement."

Dated this 27th day of April, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                               -9-