UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SIU MAN WU,                                             )      No. C11-0860RSL
                                                                  )
             Plaintiff,                                  )
    v.                                                       )      ORDER REGARDING
                                                                  )      DEFENDANT'S RENEWED
MARK GASTON PEARCE,[1] *et al.*,      )      MOTION TO DISMISS
                                                                  )
             Defendants.                             )
_____)

      This matter comes before the Court on "Defendant Ahearn's Renewed Motion to Dismiss" (Dkt. # 38) and "Plaintiff's Motion (Modified) for Extension of Time to Respond" (Dkt. # 43). On April 27, 2012, the Court dismissed many of plaintiff's claims for lack of jurisdiction and/or failure to allege facts (as opposed to speculation or conclusions) that could support a finding of liability against defendants. Only plaintiff's Washington Law Against Discrimination and National Labor Relations Act claims against defendant Ahearn in his individual capacity survived. Defendant Ahearn now moves to dismiss those two remaining claims. Plaintiff seeks an extension of time in which to respond.

      In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re

---

[1] Mark Gaston Pearce has been substituted for his predecessor, Wilma B. Liebman, as Chairman of the National Labor Relations Board ("NLRB"), pursuant to Fed. R. Civ. P. 25(d).

ORDER REGARDING DEFENDANT'S
RENEWED MOTION TO DISMISS

1 Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d
2 1146, 1150 n.2 (9th Cir. 2000).  The question for the Court is whether the well-pled facts in the
3 complaint sufficiently state a "plausible" ground for relief.  Bell Atl. Corp. v. Twombly, 550
4 U.S. 544, 570 (2007).  Although a complaint need not provide detailed factual allegations, it
5 must offer "more than labels and conclusions" and contain more than a "formulaic recitation of
6 the elements of a cause of action."  Twombly, 550 U.S. at 555.  If the complaint fails to state a
7 cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is
8 appropriate.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).
9 Under Rule 12(b)(6), the Court's review is generally limited to the contents of the complaint.
10 Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  The Court may, however,
11 consider documents referenced extensively in the complaint, documents that form the basis of
12 plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the
13 complaint state a claim upon which relief can be granted.  United States v. Ritchie, 342 F.3d
14 903, 908-09 (9th Cir. 2003).  Where consideration of additional documents is appropriate, the
15 allegations of the complaint and the contents of the documents are accepted as true and
16 construed in the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922,
17 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

**A. Washington Law Against Discrimination ("WLAD") Claim**

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act, the remedy provided by the Federal Tort Claims Act against an employee of the United States acting within the scope of his employment "is exclusive of any other civil action or proceeding for money damages . . . .  Any other civil action or proceeding for money damages arising out of or relating of the same subject matter against the employee or the employee's estate is precluded . . . ."  28 U.S.C.§ 2679(b)(1).  The bar against civil actions against a government employee does not apply to suits alleging violations of the United States Constitution or a federal statute.  28

ORDER REGARDING DEFENDANT'S
RENEWED MOTION TO DISMISS                -2-

U.S.C.§ 2679(b)(2). Plaintiff's WLAD claim does not fall within either of these exceptions and is therefore barred. Plaintiff has not identified any discovery or other information that would affect this analysis or alter the conclusion that his WLAD claim is precluded. He has not, therefore, shown that an extension of time to respond is appropriate under Fed. R. Civ. P. 56(d).

**B. National Labor Relations Act ("NLRA") Claim**

Plaintiff alleges that defendant Ahearn enticed him to file a complaint with the NLRB, then precluded an administrative investigation or decision on the matter by intentionally hiding plaintiff's submission in a separate file. When the March 2009 complaints were discovered four months later during an investigation, defendant refused to process them. Dkt. # 31-1 at 14. The grounds for this refusal are not clear. At one point, defendant Ahearn noted that "from [plaintiff's] description of the documents, it does not appear that they included a signed Charge against Labor Organization," which was required to begin the NLRB's investigation processes. Dkt. # 7-1 at 6. When the documents were finally located, the agency deemed plaintiff's March 2009 complaints so closely related to a pending charge filed by his union that it referred plaintiff to the union's counsel for additional information on the status of his complaints. Dkt. # 43-1 at 22. Alternatively, the agency asserts that plaintiff's May 29, 2009, complaint was based on the same issues raised in the March papers, such that the resolution of the second complaint mooted the need to consider the first. Dkt. # 6 at 4; Dkt. # 38 at 7. Finally, the agency has argued that, since more than six months had elapsed between the time of the alleged unfair labor practice and the July 2009 discovery of the complaints in its files, the complaints are untimely.[2]

Defendant argues that plaintiff's claim under the NLRA must be dismissed because (1) the act does not provide an individual cause of action against an agency employee,

---

[2] The complaint was timely when originally submitted to the agency in March 2009.

ORDER REGARDING DEFENDANT'S
RENEWED MOTION TO DISMISS             -3-

(2) plaintiff has not suffered an injury and therefore lacks standing, and (3) district courts lack subject matter jurisdiction to review the agency's decision to not issue an unfair labor practice complaint. The second argument is based on defendant's assertion that the issues raised in the March 2009 documents were subsequently raised and resolved in plaintiff's May 2009 complaint. Although the parties have presented numerous documents for the Court's consideration, they have not provided copies of the March 2009 complaints. The Court is therefore unable to evaluate the similarities between the two charges, much less determine whether plaintiff has suffered injury because of the refusal to process the March 2009 complaints. The third argument has already been decided against defendant: although the NLRB's decision not to pursue a complaint is final and not subject to judicial review, plaintiff's claim is based on a refusal to process or otherwise exercise discretion regarding the March 2009 complaints.

Defendant's first argument – that the NLRA does not provide an individual cause of action against an agency employee – has merit. The statute provides an avenue for investigating and enjoining unfair labor practices, not suing agency employees.[3] Nor has plaintiff shown how additional discovery or factual development will change this analysis. He has not, therefore, shown that an extension of time to respond is appropriate under Fed. R. Civ. P. 56(d).

**C.  Order to Show Cause**

In the process of evaluating the arguments raised in this renewed motion to dismiss, the Court finds that it may have precipitously dismissed plaintiff's claim for injunctive relief against the Chairman of the NLRB. A fair reading of plaintiff's *pro se* complaint suggests

---

[3] The Court does not mean to suggest that NLRB employees cannot be sued in their individual capacities. Depending on the conduct alleged, a cause of action may exist under other statutes or legal theories. The NLRA itself, however, does not appear to authorize a private cause of action against an NLRB employee.

ORDER REGARDING DEFENDANT'S
RENEWED MOTION TO DISMISS                    -4-

that, contrary to defendants' arguments in the original motion to dismiss, plaintiff's request for injunctive relief is not necessarily based on the statutes identified in the pleading.  Plaintiff seeks an order requiring "Region 19 of the NLRB to reinstate my March 2009 original complaint as well as my co-worker Wing Tse's and to process an unfair labor practice investigation as requested under that National Labor Relations Act."  Dkt. # 3 at ¶ 5.1.  Although plaintiff did not identify a specific statute or cause of action that supports the requested relief, "[s]pecific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."  Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001).

Plaintiff has alleged an arbitrary and unexplained refusal on the part of the NLRB to carry out its statutory functions.  According to plaintiff, the agency not only failed to process the March 2009 complaints when originally filed, but also flatly refused to consider them when they were "found" four months later.  When the NLRB "arbitrarily refuses to assert jurisdiction, a court order may be obtained requiring the Board to act."  NLRB v. Local Union No. 751, 285 F.2d 633, 638 (9th Cir. 1960).  In addition, plaintiff's claim for injunctive relief against the agency may be cognizable under the Administrative Procedures Act ("APA"), pursuant to which a person aggrieved by agency action may seek judicial review as long as the underlying statute does not preclude judicial review and the action is not committed to the discretion of the agency.  5 U.S.C. § 702 and § 701(a).  As discussed above and in previous orders, the Court finds that the NLRA does not preclude judicial review in the circumstances presented here:  although the General Counsel's exercise of discretion in investigating charges or issuing complaints is unreviewable, plaintiff alleges that the NLRB simply refused to act, thereby depriving the General Counsel of an opportunity to exercise his discretionary authority.

For all of the foregoing reasons, defendant's renewed motion to dismiss is GRANTED.  All claims against defendant Ahearn in his individual capacity are DISMISSED.

ORDER REGARDING DEFENDANT'S
RENEWED MOTION TO DISMISS             -5-

1  The NLRB is hereby ORDERED TO SHOW CAUSE why plaintiff's claim for injunctive relief
2  requiring the processing of the March 2009 complaints should not be reinstated. Defendants'
3  response, if any, is due on or before August 3, 2012. The Clerk of Court is directed to note this
4  Order to Show Cause on the Court's calendar for August 3, 2012.

6       Dated this 16th day of July, 2012.

7       */s/ Robert S. Lasnik*
8       Robert S. Lasnik
9       United States District Judge

ORDER REGARDING DEFENDANT'S
RENEWED MOTION TO DISMISS    -6-